IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Book Dog Books, LLC, et al.,

        Plaintiffs,

   v.

Cengage Learning, Inc., et al.,

        Defendants.

Case No. 2:12-cv-1165

Judge Graham

Opinion and Order

      Plaintiffs Book Dog Books, LLC and SPL Management, LLC are book sellers who filed this action in December 2012 for preliminary injunctive relief to require defendants Cengage Learning, Inc. and Pearson Education, Inc. to supply plaintiffs with college textbooks before the start of the 2013 winter semester at The Ohio State University.  Defendants had refused to supply books because they believed plaintiffs had engaged in copyright infringement.  Proceeding under a theory of promissory estoppel, plaintiffs alleged that the publishers had made binding promises to supply plaintiffs with books.  Following an evidentiary hearing, the court found that plaintiffs had failed to put forth evidence of a binding promise and denied the motion for injunctive relief.  Plaintiffs have also asserted claims for declaratory judgment that they have not infringed the copyrights of defendants, for antitrust violations relating to defendants' refusal to sell books to plaintiffs, and for defamation relating to defendants' accusation that plaintiffs engaged in copyright infringement.

      In February 2013, defendants and John Wiley & Sons, Inc. filed suit against Book Dog Books and its sole member and CEO Phillip Smyres in the United States District Court for the Southern District of New York.  The book publishers allege in that action that Smyres and Book Dog Books have infringed their copyrights and have breached a 2008 Settlement Agreement between the parties that terminated a prior copyright lawsuit in the Southern District of New York.

      Defendants in this action then filed a motion to transfer venue of this case on the grounds that a forum selection clause in a 2008 Settlement Agreement requires that subsequent disputes arising out of, or related to, the Agreement be heard in a court in New York.

1

In July 2013, this court received notice that defendant Cengage had filed a petition for Chapter 11 bankruptcy in New York. The court stayed the claims against Cengage and directed plaintiffs and Pearson to advise the court as to whether the claims against Person should proceed. Pearson responded by holding to its position in the motion to transfer venue that the case should not go forward because any claims against it must proceed only in a New York court.

In a notice filed August 28, 2013, plaintiffs have advised the court that they consent to transfer of this action to the Southern District of New York. Plaintiffs believe that the interests of economy will be best served by having one court hear the disputes among the non-bankrupt parties and that from New York it will be easier for them to attempt to pursue their claims against Cengage, whether by filing an adversary proceeding or by moving to lift the automatic stay. The court will thus grant the motion to transfer venue.

Plaintiffs note that they oppose the fee request made by defendants in the motion to transfer venue. Defendants argued in the motion that they were entitled to an award of costs and attorneys' fees incurred in defending this action because plaintiffs breached the 2008 Settlement Agreement's forum selection clause. Defendants further allege that the Agreement contained a provision under which a breaching party is liable in damages for the reasonable costs and attorneys' fees incurred by the non-breaching party.

The court declines to award costs and fees to defendants. Defendants are in essence asking the court to enter judgment in their favor on a claim – for breach of contract – that they have not asserted in this case. Defendants did not file any counterclaims against plaintiffs, but they are asking for a legal ruling that plaintiffs breached the Settlement Agreement and that they are entitled under that Agreement to an award of costs and attorney's fees. Defendants have in fact asserted this legal claim in the suit they filed in the Southern District of New York. In the New York complaint, the book publishers allege that the plaintiffs here breached the Settlement Agreement by, among other things, bringing this action in violation of the forum selection clause. The issue of whether plaintiffs breached the Settlement Agreement is best resolved in the New York action, and this court, by declining to award costs and attorneys' fees to defendants, is in no way making any factual or legal determinations as to that issue.

To the extent defendants ask the court to exercise its inherent authority to assess an award of attorneys' fees, the court denies that request. A district court may award attorneys' fees in its discretion for bad faith or oppressive litigation practices. See Chambers v. NASCO Inc., 501 U.S. 32, 45-46 (1991). Defendants accuse plaintiffs of bad faith tactics by filing this suit and moving for a

2

preliminary injunction "on the eve of the Christmas holidays" and making defense counsel and their witnesses fly in from out of state to attend the evidentiary hearing. The court, however, finds that the timing of this lawsuit related to the start of the 2013 winter semester at Ohio State and was not an attempt by plaintiffs to ruin defendants' holiday season. Plaintiffs came to this court seeking an order requiring defendants to supply books in time for the winter semester. Though plaintiffs ultimately failed to present sufficient evidence that defendants had made an enforceable promise to supply books, the court finds no evidence that plaintiffs engaged in bad faith or oppressive litigation practices.

Accordingly, the motion to transfer venue of this action to the United States District Court for the Southern District of New York (doc. 20) is GRANTED. Defendants' request for an award of costs and attorneys' fees is DENIED.

s/ James L. Graham  
JAMES L. GRAHAM  
United States District Judge

DATE: September 5, 2013